The
Chief Justice
delivered she opinion of the coart
. The reason assigned by the plaintiff in certiorari for the reversal of the judgment is, that the Court of Common Pleas overruled the defence he raised on the statute of limitations.
To establish this reason, in point of fact, he refers to the transcript of the record in that court, returned with the certiorari, which, for such purpose, the defendant insists, he may not use* We are of opinion, however, that we may lawfully inspect the transcript, It comes to us nudes the gpctioR of th§ Court of *256 Common Pleas, and is sent here in answer to the writ of certiorari, requiring the judgment and proceedings to be certified to this court. To its contents, therefore, under such sanction, fall faith is due.
But upon looking into the transcript we find no matters oí fact to evince the alleged error in law of the Court of Common Pleas. The whole case upon the evidence is not stated j nor -any thing but the points which were insisted on by the counsel of the respective parties. The counsel of the appellant, it is said, “relied on the statute of limitations as a bar, to the demand of the appellees, and that no evidence of a promise or acknowledgment had been proved to have been made, by the appellant within six years. The counsel for the appellees contended that as the statute of limitations was not pleaded by the appellant before the justice, he could not have advantage of it,,s on the appeal. In the analogous case of an entry on a justice’s docket, of the points taken before him on-a motion for a non-suit, this court has repeatedly resolved that such entry is no proof that the facts stated in the points existed in the evidence. Longstreet v. Little, Penn. 1031. The Court of Common Pleas may have been of opinion that the position assumed by the counsel of the appellees was wholly untenable, and the appellant at liberty to insist upon the statute. At the same time, they may have been of opinion there was sufficient evidence of a promise or acknowledgment. What is such sufficient evidence is well known to be a vexed question. And the court may have, perhaps rightly, differed from the conclusions of the appellant’s counsel. The grounds on which the court did. actually decide are not set forth in the transcript.
We have not then sufficient before ¡¿s to discover any error in the court below. A more full statement might have been obtained, at the instance of the plaintiffin certiorari. In its absence, any presumption we make is to be in support, not in destruction, of the judgment.
Let the judgment be affirmed.